UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**JODY CLYDE JACKSON** and<br>**EILEEN FRANCES JACKSON**,<br><br>Debtors. | Case No. **10-61020-7** |
| **FARM SERVICE AGENCY**,<br><br>Plaintiff.<br><br>-vs-<br><br>**JODY CLYDE JACKSON** and<br>**EILEEN FRANCES JACKSON**,<br><br>Defendants. | Adv No. **10-00074** |

## MEMORANDUM OF DECISION

At Butte in said District this 13th day of July, 2011.

In this adversary proceeding the Plaintiff Farm Service Agency ("FSA") has moved pursuant to Fed. R. Civ. P. 59 (applicable in adversary proceedings under F.R.B.P. 9023) to amend the Judgment (Docket No. 25) entered in FSA's favor on May 10, 2011. Defendants Jody Clyde Jackson and Eileen Frances Jackson ("Debtors" or "Jacksons") filed an objection, and the parties stipulated to submit FSA's motion on briefs, without a hearing. Having reviewed FSA's motion and brief, Debtors' objection, and FSA's reply, for the reasons set forth below FSA's motion to amend Judgment will be denied. FSA failed to satisfy the requirements under Rule

1

59(e) to amend a Judgment.

In FSA's supporting memorandum (Dkt. 31) it requests that the Judgment amount excepted from the Defendants/Debtors' discharge under 11 U.S.C. § 523(a)(6) be increased from $7,000 to the amount of $10,922.00 to reflect the value of its security sold by the Debtors and unaccounted for. Debtors object, contending that FSA failed to satisfy the requirements of Rule 59(e) to alter or amend the Judgment, that FSA failed to present newly discovered evidence or manifest error of fact or law, and that FSA is simply arguing that this Court should have ruled differently. FSA replied that the Court committed clear error by overlooking the evidence that Debtors sold $10,299.00 worth of FSA's security, and did not buy pheasant feed or remit those proceeds to FSA, so they must have used it for personal use and that amount of $10,299.00 should be excepted from their discharge.

The matter originally was set for hearing on July 7, 2011. On June 29, 2011, the parties filed a stipulation to submit FSA's motion on the briefs. This Court approved the stipulation and vacated the hearing. Therefore, FSA has not presented any newly discovered evidence in support of its motion to increase the Judgment to $10,299.00.

## DISCUSSION

The facts are set forth in this Court's Memorandum entered on May 10, 2011 (Dkt. 24), beginning on page 2 to page 24, and are incorporated by reference herein. Based on Eileen's testimony, the Court entered Judgment against the Debtors on Count I excepting the amount of $7,000.00 from the Debtors' discharge for willful and malicious injury under § 523(a)(6). *See Barboza v. New Form Inc. (In re Barboza)*, 545 F.3d 702, 706, 711 (9th Cir. 2008); *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202,1205 (9th Cir. 2001), *cert. denied*, 533 U.S. 930, 121 S.Ct.

2552, 150 L.Ed.2d 718 (2001). *Jett v. Sicroff (In re Sicroff)*, 401 F.3d 1101, 1105 (9th Cir. 2005); *In re Su*, 290 F.3d 1140, 1144 (9th Cir. 2002).

FSA's motion seeks amendment of the Judgment under Rule 59 increasing the amount to $10,922.00 to represent additional amounts of security sold by the Jacksons that was not applied to FSA's debt and was not accounted for.

Rule 59(e) authorizes a party to file a motion to alter or amend a judgment. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Parma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (Amendment under Fed. R. Civ. P. 59(e)); *see also In re Teigen*, 11 Mont. B.R. 91-92 (Bankr. D. Mont. 1992); *In re Brazier Forest Products*, 122 B.R. 119, 121-122 (D.W.D. Wash. 1989); *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407 (8th Cir. 1988). FSA's motion does not present newly discovered evidence, and does not argue or prove an intervening change in controlling law.

FSA did not submit trial transcripts in support of its contention that this Court committed clear error when it found that the amount of proceeds willfully and maliciously spent by the Debtors on moving and living expenses, food, and deposits was $7,000. That finding was based on Eileen Jackson's testimony. Memorandum, Dkt. 24, at pp. 24, 27, 33, 36. This Court wrote: "No evidence exists in the record of any other amount used." Dkt. 24, p. 36.

FSA points to Ex. 1 and 8 as proof that this Court committed clear error when it found that the amount of proceeds used by Jacksons, which necessarily caused FSA injury, was $7,000,

3

rather than $10,922. Ex. 8 is the Rocky Mountain Hatchery Loan History. Having reviewed Ex. 1 and Ex. 8, this Court is not persuaded that they show that this Court committed manifest error of fact or clear error in finding that the amount of proceeds willfully and maliciously used by Jacksons was $7,000 as Eileen testified.

Ex. 1 and 8 do not explain what the other $3,922 was spent on, and neither did any other exhibit or witness testimony offered by FSA. In effect FSA is asking this Court to switch the burden of proof under § 523(a)(6) from the Plaintiff to the Debtors with respect to the disposition of the other $3,922 in unaccounted for sale proceeds. The Court declines, because FSA is the party with the burden of proof under § 523(a)(6). *In re Albarran*, 347 B.R. 369, 379 (9th Cir. BAP 2006).

A trial of this adversary proceeding was held after due notice. FSA was represented by counsel and had the opportunity to examine both Debtors under oath. As this Court noted in its Memorandum, Dkt. 24, at page 32, "[The Court finds that the sale of FSA's security, by itself, reflected neither a subjective intent to harm FSA, or a subjective belief that harm to FSA was substantially certain to result from the sale." *Su,* 290 F.3d at 1144. FSA could have asked the Jacksons at the trial what they did with the other $3,922 in proceeds from the sale of its security. As the party with the burden of proof under § 523(a)(6) to show subjective intent by the Debtors to harm FSA, or a subjective belief that harm is substantially certain, *Su*, 290 F.3d at 1145-46, this Court concluded that the Debtors willfully and maliciously caused FSA injury in the amount of $7,000 based on Eileen Jackson's testimony that they used that amount of proceeds from the sale of FSA's security for their moving and living expenses.

The Debtors did not explain what happened to the other $3,922 in sale proceeds which

were not remitted to FSA, but the Debtors did not have the burden of proof under Count I. FSA had the burden of proof, and FSA failed to elicit testimony from the Debtors about what happened to the other $3,922 in sale proceeds. As the party with the burden of proof FSA is not entitled to an inference that any sale proceeds not remitted to it constituted willful and malicious injury under § 523(a)(6)[1].

Therefore, the Court concludes that FSA failed to satisfy its burden of proof that the amount of its injury subject to exception from discharge under § 523(a)(6) was $10,922 rather than $7,000, and FSA failed to satisfy its burden under Rule 59(e) to show that this Court committed clear error.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above denying Farm Service Agency's motion to amend Judgment (Dkt. 30).

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

---

[1] An example of an expenditure of sale proceeds which would not likely constitute willful and malicious injury would be if the Defendants spent sale proceeds on the payment of taxes owed on real and personal property which constituted FSA's security. Another example could be proceeds spent on maintenance, repairs and upkeep to FSA's security. The list could go on.

5